Erik S. Syverson (SBN 221933)
erik@syversonlaw.com
**THE SYVERSON LAW FIRM**
130 Kiley Street
Chapel Hill, NC  27516
Telephone: (310) 270-6000

Attorneys for Plaintiff
NEU BABY LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEU BABY, A CALIFORNIA LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>BEAUTY PLUS, a business entity of unknown form,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

///

# COMPLAINT FOR COPYRIGHT INFRINGEMNET

Plaintiff NEU BABY ("Plaintiff") brings this Complaint in the United States District Court for the Central District of California against Defendant BEAUTY PLUS ("Defendant"), alleging as follows:

## PARTIES

1. Neu Baby is a Los Angeles based hair products company specializing in providing hair products for African-American women. It is owned by Sheila Roundtree, an African-American woman. It holds 10 United States registered copyrights pertaining to its various product designs (the "designs"). A list of the designs obtained from the United States Copyright Office, including registration numbers, is attached hereto as Exhibit "A". Neu Baby sells its designs for hair accessories. Defendant's infringements have reduced Plaintiff's revenues to rubble as Plaintiff now totters on the verge of going out of business.

2. On information and belief, Defendant is a corporation existing under the laws of the State of New Jersey, with headquarters in New Jersey. It is a direct competitor of Plaintiff selling hair accessories under the trademark "Janet Collection" among others. The Janet Collection purports to sell hair accessories to the African-American community in direct competition with Plaintiff. Defendant is part of a vast network of Chinese companies that have conspired to infringe Plaintiff's designs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 17 U.S.C. section 101 et seq.; 28 U.S.C. section 1331 (federal question); and 28 U.S.C. section 1338(a) (copyright).

4. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. section 101 et seq.).

5. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. section 1391(b) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this District and is subject to personal jurisdiction in this District.

6. Additionally, this Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. section 1400(a).

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

7. Defendant offers hairline adhesive designs on its Janet Collection website.

8. Defendant has infringed the designs without permission or a valid license from Plaintiff. Specifically, the works titled "swooped" and "Your Edges Could Neva". Effectively, Defendant has stolen a thriving business from Plaintiff. Plaintiff's sales have plummeted from over $100,000 per month to less than $5,000 per month since Defendant's infringements.

**COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.**

9. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs above. Plaintiff is, and at all relevant times has been, the sole copyright owner of the designs, which are the subject of a valid and complete Certificates of Copyright Registration by the Register of Copyrights.

10. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the designs to the public. Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act.

11. Plaintiff is informed and believes that the foregoing acts of infringement were willful and intentional, in disregard of and with indifference to Plaintiff's rights. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringements, pursuant to 17 U.S.C. § 504 for Defendant's infringement of the designs.

**PRAYER FOR RELIEF WHEREFORE**

12. Plaintiff prays for judgment against Defendant as follows:

    A. A declaration stating that Defendant's conduct violates Plaintiff's rights under the Federal Copyright Act;

    B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with it from copying and republishing the designs without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

    C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant's infringement of Plaintiff's copyrights or such damages as are proper and since Defendant intentionally infringed Plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

    D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringements in an amount to be determined at trial but no less than $1,000,000;

    E. Awarding Plaintiff its costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

    F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Date: September 14, 2021                           **THE SYVERSON LAW FIRM**

                                             By:   __/s/Erik Syverson_____
                                                      Erik S. Syverson
                                                      Attorneys for Plaintiff
                                                      NEU BABY

Complaint

# EXHIBIT A