John K. Buche (Bar No. 239477) (Local Counsel)
Byron E. Ma (Bar No. 299706)
BUCHE & ASSOCIATES, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Tel: (310) 593-4193
Fax: (858) 430-2426
jbuche@buchelaw.com
bma@buchelaw.com

John H. Choi (*Pro Hac Vice* Forthcoming)
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel: (201) 580-6600
Fax: (201) 625-1108
jchoi@jchoilaw.com

Attorneys for Defendant
Beauty Plus Trading Co., Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NEU BABY, a California limited liability company,

Plaintiff,

v.

BEAUTY PLUS, a business entity of unknown form,

Defendants.

Case No. 2:21-cv-07350-MCS-AGR

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**

Hearing Date: November 15, 2021
Time: 9:00 AM
Courtroom 7C
Judge: Hon. Marc C. Scarsi

Complaint Filed September 14, 2021

# TABLE OF CONTENTS

MEMORANDUM OF LAW AND POINT AND AUTHORITIES ...................... 1

I. PRELIMINARY STATEMENT ...................................................... 1

II. MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) ......................... 3

A. THE COMPLAINT FAILS TO GIVE FAIR NOTICE TO DEFENDANT 3

B. OWNERSHIP OF COPYRIGHT IS NOT SUFFICIENTLY ALLEGED .. 4

III. MOTION TO TRANSFER UNDER 28 U.S.C. § 1404............................... 5

A. PLAINTIFF COULD HAVE BROUGHT THIS ACTION IN THE DISTRICT OF NEW JERSEY ........................................................ 6

B. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO THE DISTRICT OF NEW JERSEY ........................................................ 7

(i) The Parties and Non-Party Witnesses will Suffer Significant and Unjust Costs if This Action is Tried in This Court Instead of the District of New Jersey ........................................................ 7

(ii) Plaintiff's Choice of Forum Deserves Little or No Weight................... 8

(iii) Sources of Proof are More Easily Accessed in the District of New Jersey ........................................................ 9

C. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO THE DISTRICT OF NEW JERSEY ........................................................ 10

(i) The District of New Jersey Possesses a Strong Local Interest in Resolving This Dispute ........................................................ 10

(ii) The District of New Jersey is Able to Resolve This Dispute .............. 11

IV. CONCLUSION........................................................ 12

# TABLE OF AUTHORITIES

## CASES

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp. 2d 525 (S.D.N.Y. 2004) .......... 9

*Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54 (N.D.N.Y. 1990) .......... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 2

*Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568 (2013) .......... 5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 2

*Brackett v. Hilton Hotels Corp.*, 619 F.Supp.2d 810 (N.D.Ca. 2008) .......... 9

*Expert Microsystems, Inc. v. SmartSignal Corp.*, 2:06-CV-0709-MCE-DAD, 2006 U.S. Dist. LEXIS 74045, 2006 WL 2926729 (E.D.Ca. Oct. 11, 2006) .......... 9

*Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) .......... 4

*Four Jays Music Co. v. Apple, Inc.*, 19-CV-7952 (FMO)(MAAx), 2020 U.S. Dist. LEXIS 245896 (C.D.Ca. Dec. 1, 2020) .......... 12

*GameTek LLC v. Elec. Arts, Inc.*, 12-CV-2927 (BEN (RBB), 2013 U.S. Dist. LEXIS 103855, 2013 WL 3864343 (S.D.Ca. Jul 23, 2013), .......... 7

*Hyowon Elecs., Inc. v. Erom, Inc.*, 13-CV-8373 (SSx), 2014 U.S. Dist. LEXIS 190442 (C.D.Ca. May 15, 2014) .......... 5

*In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010) .......... 10, 12

*In re Genetech*, 566 F.3d 1338 (Fed. Cir. 2009) .......... 9

*In re Hoffman—La Roche*, 587 F.3d 1333 (Fed. Cir. 2009) .......... 10

*In re Nintendo*, 589 F.3d 1194 (Fed. Cir. 2009) .......... 7

*In re TS Tech United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) .......... 10, 12

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008)....7, 10

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ....6

*Kannar v. Alticor, Inc.*, No. 08-cv-5505, 2009 WL 975426 (N.D.Ca. Apr. 9, 2009) ....8

*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152 (S.D.Ca. 2005) ....7

*Sorensen v. Daimler Chrysler AG*, Case No. 02-cv-4752, 2003 U.S. Dist. LEXIS 6294, 2003 WL 1888866 (N.D.Ca. Apr. 11, 2003)....8

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ....2

*Unicolors, Inc. v. Myth Clothing Co.*, 15-CV-9419-CAS(JCx), 2016 U.S. Dist. LEXIS 21968, 2016 WL 738289 (C.D.Ca. Feb. 22, 2016)....9

*Zumba Fitness, LLC v. Brage*, 11-CV-5361-GHK(CWx), 2011 U.S. Dist. LEXIS 15775, 2011 WL 473812 (C.D.Ca. Oct. 6, 2011) ....11

**STATUTES**

17 U.S.C. § 412....5

28 U.S.C. § 1391(b) ....6

28 U.S.C. § 1400(a) ....6

28 U.S.C. § 1404(a) ....6

Fed. R. Civ. P. 12(b)(6)....2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

This is an action for alleged copyright infringement. Unfortunately, the Complaint suffers from numerous deficiencies that make it nearly impossible to defend. For starters, it does not appear that Plaintiff has correctly listed a properly named entity as the Plaintiff, which could create a standing issue as well as FRCP12(b)(6) issues. More importantly, however, the 4-page Complaint, of which two pages are the cover page and prayer for relief, fall far short of meeting the pleading requirements of the Federal Rules of Civil Procedure under FRCP 8 or FRCP 12(b)(6), and *Iqbal*. First, the Complaint does not state which of Defendant's products allegedly infringe Plaintiff's asserted copyrights—much less what the protectable elements of copyright might include on what appears to be a basic functional product. Second, the Complaint does not sufficiently allege ownership of the asserted copyrights. The purported registrations for the asserted copyrights state that the claimant and author of the works is "Neu Baby." If "Neu Baby" refers to Plaintiff "NeuBaby LLC," it is impossible for Plaintiff to be the author because Plaintiff did not even exist when the works were created. Thus, there is a legal impossibility on the face of the pleadings, which might even warrant dismissal under FRCP12(c). If "Neu Baby" refers to an entity different that Plaintiff, then the proper plaintiff has not been named in this case.

Counsel for defense attempted to have a sensible meet-and-confer under LR 7-3

to address these various issue with counsel for the Plaintiff, but regrettably, after 28 minutes of conference, the conference devolved into a non-productive affair where Plaintiff's counsel bragged of how successful he was; how many famous people he represented; then incredibly told Defense counsel (who is Korean-American) that his arguments were "so Korean" by which he further explained his intent to mean that he was "incapable of critical thinking."

Regardless, and irrespective if the Court should dismiss under FRCP 12(b)(6) standards, this Court is not the proper *venue* for the present action because this action could have and should have been brought in the District of New Jersey. Indeed, under 28 U.S.C. 1404(a), the District of New Jersey is the most convenient forum for the parties and non-party witnesses because Defendant is located in New Jersey, Plaintiff's counsel is located in North Carolina, and all witnesses identified by Plaintiff are located in New Jersey and the East Coast. Moreover, the center of the accused activity is New Jersey and all of Defendant's documents are located in New Jersey. The District of New Jersey also has a strong interest in resolving this dispute because there is an overwhelming presence of hair product and hair accessory companies that may compete with Plaintiff in New Jersey.

For the reasons set forth in detail below, the Complaint should be dismissed, or this action should be transferred to the District of New Jersey.

## II. MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), courts must dismiss complaints that fail to state a claim upon which relief can be granted. The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Moreover, "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the Ninth Circuit, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### A. THE COMPLAINT FAILS TO GIVE FAIR NOTICE TO DEFENDANT

Plaintiff's 4-page Complaint is less than bare bones and lacks sufficient allegations of underlying facts to give fair notice to Defendant. While Plaintiff alleges that it "holds 10 United States registered copyrights pertaining to its various product designs" (ECF Doc. 1, "Complaint" ¶ 1), it attaches a list of 11 registrations it purports to own. (Complaint Exh. A). Plaintiff then alleges that Defendant has infringed the works titled "Swooped" and "Your Edges Could Neva." (Complaint ¶ 8). However, neither of the asserted designs are shown in the Complaint and nowhere in the Complaint is it alleged what elements of the asserted designs are protected or asserted.

Although Plaintiff alleges that "Defendant offers hairline adhesive designs on its

Janet Collection website" (Complaint ¶ 7), there is no mention of which of Defendant's alleged hairline adhesive designs are accused. Without knowing what the accused products are, it is impossible for Defendant to respond to Plaintiff's infringement claims, let alone determine the merits of Plaintiff's infringement claims. Moreover, if this case moves forward, the identities of the accused products will be necessary to determine the proper scope of discovery.

The Complaint is clearly deficient because it fails to enable Defendant to properly defend itself. Therefore, the Complaint should be dismissed.

### B. OWNERSHIP OF COPYRIGHT IS NOT SUFFICIENTLY ALLEGED

To state a claim for copyright infringement, Plaintiff must allege "(1) ownership of a valid copyright, and (2) copying constituent elements of the work that are original." *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).

The named plaintiff in this case is "Neu Baby, a California LLC." Upon investigation, it appears that Plaintiff is actually NeuBaby LLC, which was formed on June 4, 2021. (Declaration of John H. Choi ("Choi Decl.") Exh. 1). The asserted copyrights titled "Swooped" and "Your Edges Could Neva" appear to be registered under U.S. Copyright Registration Nos. VA2261650 and VA2261715, respectively. (Choi Decl. Exhs. 2 and 3). Both registrations show that the author of the designs are "Neu Baby," as an employer for hire, with March 26, 2021 as the date of publication and July 6, 2021 as the

registration date.[1] (*Id.*) The registrations also state that the claimant is "Neu Baby." (*Id.*)

Given that the asserted designs were allegedly first published on March 26, 2021, it is appropriate to infer that the asserted designs were created on or before that date. If "Neu Baby" refers to Plaintiff "NeuBaby LLC," it is impossible for Plaintiff to be the author because Plaintiff did not even exist until June 4, 2021. If "Neu Baby" refers to an entity other than Plaintiff NeuBaby LLC, then the proper plaintiff has not been named.

As a result, the Complaint does not adequately establish facts showing who authored the copyrights at issue and how Plaintiff became the owner or claimant of the copyrights at issue. Thus, Plaintiff has failed to properly allege that it owns the copyrights at issue. *Hyowon Elecs., Inc. v. Erom, Inc.*, 13-CV-8373 (SSx), 2014 U.S. Dist. LEXIS 190442, *10-11 (C.D.Ca. May 15, 2014).

Therefore, ownership of the copyrights at issue is not sufficiently pled and the Complaint should be dismissed.[2]

## III. MOTION TO TRANSFER UNDER 28 U.S.C. § 1404

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought

[1] The effective registration date of a copyright is the filing date.

[2] Defendant also notes that the Complaint alleges that Plaintiff is entitled to statutory damages and attorney's fees. However, Plaintiff is barred from such recovery because the asserted copyrights were not timely filed, i.e., within 3 months of publication. 17 U.S.C. § 412.

or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In deciding whether to transfer a case, a court should consider the balance of private and public interests. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 & n.6 (2013).

The threshold question in a transfer determination is whether the action could have been originally filed in the transferee district. *Id.* at 577. If the transferee district is a proper venue, then the Court must consider the relative conveniences of the current district against the transferee district. To make that determination, the Court considers the well-known private and public interest factors, none of which are dispositive. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (explaining that "[u]nder § 1404(a), the district court has discretion to adjudicate motions for transfer 'according to an individualized, case-by-case consideration of convenience and fairness.'").

### A. PLAINTIFF COULD HAVE BROUGHT THIS ACTION IN THE DISTRICT OF NEW JERSEY

A copyright infringement action may be brought in any district where the defendant resides. 28 U.S.C. § 1400(a). For purposes of copyright infringement, venue is governed by the general venue statute, which states, among other things, that "[a] civil action may be brought in a judicial district in which any defendant resides …" 28 U.S.C. § 1391(b).

Here, Defendant is a New Jersey corporation having its only office in New Jersey, thus, Defendant resides in the District of New Jersey. Sections 1400(a) and 1391(b) are

satisfied and therefore, this action could have been brought in the District of New Jersey.

## B. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO THE DISTRICT OF NEW JERSEY

### (i) The Parties and Non-Party Witnesses will Suffer Significant and Unjust Costs if This Action is Tried in This Court Instead of the District of New Jersey

The convenience to the witnesses favors transfer to the District of New Jersey. The convenience to witnesses is often considered "the most important factor." *GameTek LLC v. Elec. Arts, Inc.*, 12-CV-2927 (BEN (RBB), 2013 U.S. Dist. LEXIS 103855, *5, 2013 WL 3864343, *2 (S.D.Ca. Jul 23, 2013), *citing Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D.Ca. 2005). "While the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." *Saleh*, 361 F.Supp.2d at 1160, *quoting Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990). When the distance between an existing venue for trial of a matter and a proposed venue under 28 U.S.C. § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*). Certainly, the greater distance witnesses need to travel for trial, the greater their expense and the longer they will be away from home and employment. *In re Nintendo*, 589 F.3d 1194, 1199 (Fed. Cir. 2009).

Here, the proper court is the District of New Jersey, located in Newark, New Jersey. Defendant is located in New Jersey. Moreover, the District of New Jersey is more convenient for the potential witnesses that Plaintiff has identified. Specifically, Plaintiff has identified Defendant's owner and employees as potential witnesses, all of whom are located in New Jersey. (Choi Decl. Exh. 4). Plaintiff has also identified 2 retailers as potential witnesses, each of whom are located on the East Coast. (Choi Decl. Exh. 5). Without a doubt, each of the potential witnesses initially identified by Plaintiff would be better served by the District of New Jersey at least because of the reduction of travel time and expenses. Lastly, Plaintiff's counsel is located in Chapel Hill, North Carolina, 495 miles from Newark and 2,515 miles from Los Angeles. Clearly, Plaintiff's counsel's travel time and expenses would be greatly reduced if this action is heard in New Jersey, thus reducing Plaintiff's financial burden.

**(ii) Plaintiff's Choice of Forum Deserves Little or No Weight**

Plaintiff's choice of the Central District of California is entitled to little or no deference. A plaintiff's choice of forum "is accorded little deference where the center of the accused activity is outside the chosen forum." *Kannar v. Alticor, Inc.*, 08-cv-5505, 2009 U.S. Dist. LEXIS 35091, *13, 2009 WL 975426, *4 (N.D.Ca. Apr. 9, 2009).[3] Instead, "the preferred forum is that which is the center of the accused activity." *Sorensen*

[3] "[T]he center of the accused activity is the district in which the defendant is alleged to have developed, tested, researched, produced, marketed, and made sales

*v. DaimlerChrysler AG*, 02-cv-4752, 2003 U.S. Dist. LEXIS 6294, *12, 2003 WL 1888866, at *3 (N.D.Ca. Apr. 11, 2003). "[T]he operative facts in copyright infringement cases usually relate to the design, development and production of an infringing product." *Expert Microsystems, Inc. v. SmartSignal Corp.*, 2:06-CV-0709-MCE-DAD, 2006 U.S. Dist. LEXIS 74045, *10, 2006 WL 2926729 (E.D.Ca. Oct. 11, 2006), *citing, AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp. 2d 525, 530 (S.D.N.Y. 2004).

The only allegation of Defendant's accused activity is that "Defendant has infringed the designs without permission or a valid license from Plaintiff. (Complaint ¶ 8). Defendant's only office is in New Jersey and all of its employees are located there. Therefore, the center of the accused activity is New Jersey and the District of New Jersey is the proper forum for this case.

**(iii) Sources of Proof are More Easily Accessed in the District of New Jersey**

The ease of access to sources of proof favors transfer to the District of New Jersey. In copyright infringement actions, "the bulk of the relevant evidence usually comes from the accused infringer." *Unicolors, Inc. v. Myth Clothing Co.*, 15-CV-9419-CAS(JCx), 2016 U.S. Dist. LEXIS 21968, *23-24, 2016 WL 738289 (C.D.Ca. Feb. 22, 2016), *citing Brackett v. Hilton Hotels Corp.*, 619 F.Supp.2d 810, 820 (N.D.Ca. 2008).

---

decisions concerning the accused products." *Id.*

In intellectual property infringement actions, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genetech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (explaining that a corporation's relevant material is generally located at its headquarters). Although documentary evidence is often stored electronically, the Court must consider the physical location of the evidence. *Id*. In contrast, the location of Plaintiff's documents is of little importance to this factor. *Id*.

Here, Defendant's documents, including any information that might be relevant to the issues in this case, are all kept in its New Jersey office. Indeed, as evidenced in Plaintiff's interrogatories to Defendant, all of the information requested by Plaintiff is located here in New Jersey. (Choi Decl. Exh. 6).

### C. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO THE DISTRICT OF NEW JERSEY

#### (i) The District of New Jersey Possesses a Strong Local Interest in Resolving This Dispute

The local interest in the controversy favors transfer to the District of New Jersey. Traditionally, the location of the alleged injury is an important consideration. *In re TS Tech United States Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008); *In re Volkswagen*, 545 F.3d at 318. However, when an accused product is sold nationwide (as here), the alleged injury does not create a substantial local interest in any particular district. *Id*. As such, the local interest becomes the location of the allegedly wrongful conduct.

*In re Hoffman—La Roche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

As stated above, the only allegation of Defendant's accused activity is that "Defendant has infringed the designs without permission or a valid license from Plaintiff." (Complaint ¶ 8). Defendant's only office is in New Jersey and all of its employees are located there. Therefore, the alleged wrongful conduct occurred in New Jersey.

Furthermore, as shown in Plaintiff's identification of witnesses (Choi Decl. Exh. 4 at 6-8), New Jersey is the location of many companies "purport[ing] to sell hair accessories to the African-American community in direct competition with Plaintiff," as alleged in the Complaint. (Complaint ¶ 2). Those companies, like Defendant, could be "part of a vast network of Chinese companies that have conspired to infringe Plaintiff's designs," as alleged in the Complaint. (*Id.*).[4]

Given the overwhelming presence of these companies in New Jersey, including Defendant, the District of New Jersey possesses a strong local interest in resolving this dispute.

**(ii) The District of New Jersey is Able to Resolve This Dispute**

District courts, including this Court, have routinely held that other district courts are capable of applying federal intellectual property law to claims for infringement relating to the same. *See Zumba Fitness, LLC v. Brage*, 11-CV-5361-GHK(CWx), 2011 U.S.

[4] Despite Defendant's counsel having advised Plaintiff and Plaintiff's counsel well before the filing of the Complaint that Defendant is Korean-American owned, Plaintiff continues to refer to Defendant has a Chinese company.

Dist. LEXIS 15775, *22-23, 2011 WL 473812 (C.D.Ca. Oct. 6, 2011); *Four Jays Music Co. v. Apple, Inc.*, 19-CV-7952 (FMO)(MAAx), 2020 U.S. Dist. LEXIS 245896, *13 (C.D.Ca. Dec. 1, 2020); *In re TS Tech*, 551 F.3d at 1320. Therefore, there is no question that the District of New Jersey is able to resolve this copyright infringement dispute.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss this action or transfer this action to the District of New Jersey.

Dated: October 13, 2021

BUCHE AND ASSOCIATES, P.C.

By: */s/ John K. Buche*
John K. Buche (Bar No. 239477)
Byron E. Ma (Bar. No. 299706)
*Local Counsel*
2029 Century Park East, Suite 400N
Los Angeles, CA 90067

John H. Choi (*Pro Hac Vice* Forthcoming)
JOHN H. CHOI & ASSOCIATES, LLC.
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660

Attorneys for Defendant
Beauty Plus Trading Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ John K. Buche*
John K. Buche